**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CLIFFORD JOHNSON, | No. 12-16775 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-06684-WHA |
| v. |  |
| UNITED STATES DEPARTMENT OF THE TREASURY; JACOB LEW,[*] | MEMORANDUM[**] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 13, 2014[***]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Clifford Johnson appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that the United States Department

---

[*]     Jacob Lew has been substituted for his predecessor, Timothy Geithner, as Secretary of the Treasury under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Treasury and the Secretary of the Treasury violated his First Amendment right to freedom of expression by publishing statements about Federal Reserve notes that are contrary to Johnson's views and allegedly false. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that Johnson does not have Article III standing, *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 (9th Cir. 2011), and we affirm.

The district court properly concluded that Johnson failed to allege the essential elements of Article III standing, including personal injury that is fairly traceable to defendants' allegedly false representations and likely to be redressed by an order granting Johnson a declaratory judgment. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (identifying three core requirements for standing under Article III of the United States Constitution); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75, 485-86 (1982) (no standing where allegations constitute nothing more than the "generalized grievances" of one who observes government conduct with which he disagrees).

The district court did not abuse its discretion in denying Johnson's motion to alter or amend judgment because Johnson failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

1262 (9th Cir. 1993) (setting forth standard of review and discussing grounds for reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**